FILED IN CHARLESTON
U.S. BANKRUPTCY COURT

AUG 30 2010

SOUTHERN DISTRICT
WEST VIRGINIA

United States Bankruptcy Court
Southern District of West Virginia

In re: Peter Paul Mitrano,　　　　　　Chapter 13
　　　　　Debtor.　　　　　　　　　　　Case No. 10-20476

Motion for Reconsideration and/or Motion to Alter Judgment and/or Motion for Relief from Judgment or Order

　　Debtor, Peter Paul Mitrano, pro se, states his Motion for Reconsideration and/or Motion to Alter Judgment and/or Motion for Relief from Judgment or Order as follows:
　　This Court failed to decide a pending venue motion prior to making a decision on the merits. In Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999), the Court discussed how a court is to rule, that is, the "decisional line". The "decisional line" dictates that this Court should have decided the venue motion prior to ruling on the merits. Note in Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 436 (2007), the Court stated: "... In the mine run of cases, jurisdiction 'will involve

no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.' Ruhrgas, 526 U.S., at 587-588...."

In Johnson-Ester v. Schwarzenegger, No. CIVS-10-0876 (GGHP), 2010 U.S. Dist. LEXIS 68991 (California July 9, 2010), the court stated:

"On March 25, 2010, the Northern District of Illinois court ruled (Doc. 34) that the case should be transferred to the Eastern District of California and expressed no view regarding the other arguments in the motion to dismiss."

Also see White v. Ocean Duchess Inc., 2007 U.S. Dist. LEXIS 96301 (Virginia November 7, 2007) (transferred, deferred ruling on 12(b)(6)); Century Furniture, LLC v. C+C Imps, Inc., 2007 U.S. Dist. LEXIS 68343 (North Carolina September 14, 2007) ("Because the court finds transfer to be the appropriate resolution of this issue, the court will not further discuss the Motion to Dismiss."); Atley Pharms v. Brighton Pharms., Inc., 2006 U.S. Dist. LEXIS 72614, n.2 (Virginia October 4, 2006) ("Since this Court is granting FDB's Motion to Transfer pursuant to 28 U.S.C. § 1404,

it is unnecessary to address the motion under Rule 12(b)(6)."); and, Jackson v. Leake, 2006 U.S. Dist. LEXIS 55017 (North Carolina August 7, 2006) (case transferred and Rule 12(b)(6) not decided).

In addition, debtor Mitrano was denied procedural due process under the United States Constitution because he was not given the opportunity to appear in person, and further denied due process because he was not even given the opportunity via telephone. With all due respect, this Court's conclusory statement that Mitrano was not entitled to appear at the hearing does not excuse this Court's denial of Mitrano's procedural due process rights. Mitrano also contends that Mitrano did not receive adequate notice of the basis of this Court's Order Dismissing Case. Mitrano also contends that the issue of the tax returns cannot override Mitrano's constitutional right to access to the courts.

THEREFORE, debtor, Peter Paul Mitrano, pro se, respectfully requests that this Honorable Court grant this Motion because this Court's Order Dismissing Case contains clear errors of law.

Respectfully submitted,
Peter P. Mitrano
Peter Paul Mitrano
Inmate No. 72996-083
Federal Prison Camp Beckley
P.O. Box 350
Beaver, West Virginia 25813
Debtor

Dated: August 26, 2010

Statement in Lieu of Service

Mitrano requests that this Court provide copies to others of this document because Mitrano has been under a "lock down" status and has limited access to resources.

Prison Mail Box Rule

Mitrano invokes the Prison Mail Box Rule and states that this document was deposited in the prison mail box at Federal Prison Camp Beckley in Beaver, West Virginia. Mitrano states that this Court should deem this document filed with this Court on the date that this document is place in the prison mail box.

Peter P. Mitrano