In the United States Bankruptcy Court
For the Southern District of West Virginia

In re:
Peter Paul Mitrano,                    Case No. 10-20476
            Debtor.                    Chapter 13

Debtor's Supplemental Memorandum in Support
of Motion For Reconsideration of this Court's
Order Dismissing Case Entered August 13, 2010

Debtor, Peter Paul Mitrano, _prose_, states
Debtor's Supplemental Memorandum in Support of
Motion For Reconsideration of this Court's Order
Dismissing Case Entered August 13, 2010 as follows:

Debtor, Peter Paul Mitrano (hereinafter sometimes
referred to as "Mitrano") again respectfully states
that as a clear matter of law this Court mistakenly
ruled that the Chapter 13 Trustee's objection to
venue was moot. Mitrano contends that this Court
should have ruled upon the objection to venue prior
to ruling upon the merits of this case. In
_Arrowsmith_ v. _United Press International_, 320 F.2d
219, 221 (2nd Cir. 1962), the court stated:

8

"... a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim -- but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice. We shall therefore vacate the judgment dismissing the complaint for failure to state a claim on which relief can be granted and remand the case for consideration of the issue of jurisdiction over the person of the defendant and, in the event that this be found, the issue of venue, prior to consideration of the merits...."

Also see Johnson v. Helicopter & Airplane Services Corp., 389 F. Supp. 509, 518 (Md. 1974) ("Questions of personal jurisdiction and venue will be resolved first before proceeding to the merits of the case."); Weiss v. Rizzoli International Publications, Inc., 616 F. Supp. 837, 842 (Ill. 1985)

("the Court declines the opportunity to consider defendant's motion to dismiss for failure to state a claim and will leave that matter to the transferee court for its consideration."); _Midwest Precision Services, Inc._ v. _PTM Industries Corp._, 574 F. Supp. 657, 658 (Ill. 1983) ("the Court declines the opportunity to consider defendant's motion to dismiss and will leave that matter to the transferee court for its consideration."); _Hall_ v. _E.I. DuPont de Nemours + Co._, 345 F. Supp. 353, 385 (N.Y. 1972); ("Since the claims arising in North Dakota and Ohio will be transferred to their respective Federal districts, the statute of limitations question should be decided in those forums."); _Wilmot H. Simonson Co._ v. _Green Textile Associates, Inc._, 554 F. Supp. 1229, 1234-1235 (Ill. 1983) ("the Court will decline the opportunity to consider the defendants' motion to dismiss for failure to state a claim brought pursuant to Fed. R. Civ. P. 12(b)6 and will leave the matter to the transferee court for consideration."); _McKenna_ v. _Fisk_, 1 Howard 241, 248 (1843) ("The venue for trial is a legal fiction, devised for the furtherance of justice,

and cannot be traversed."); _Burlington Northern R. Co. v. Ford_, 504 U.S. 648, 651 (1992) ("Venue rules generally reflect equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial."); _LeRoy v. Great Western United Corp._, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction ... is typically decided in advance of venue"); _Jakubowski v. Central R. Co._, 88 F. Supp. 258, 260 (N.Y. 1950) ("Citizenship is not to be confused with residency for venue purposes"); _In re Townsend_, 84 B.R. 764, 767 (Fla. 1988) ("once the Court has made a determination that venue is not proper, it no longer has discretion to retain the case."); _In re Handel_, 242 B.R. 789, 791 (Mass. 1999) ("a debtor could maintain more than one residence"); and, _Sinochem Int. v. Malaysia Int'l_, 549 U.S. 431, 436 (2007) ("Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause ... In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should

impel the Federal court to dispose of [those] ~~issues~~ issue[s] First.'")

Thus, Mitrano contends that this Court clearly committed an error of law by ruling upon the merits of this matter prior to ruling upon the Chapter 13 Trustee's objection to venue. With all due respect to this Court, this Court should vacate the Order Dismissing Case entered August 13, 2010 and first rule on the Chapter 13 Trustee's objection to venue before proceeding to rule upon the merits of this matter.

In reference to the issue of filing tax returns, Mitrano refers to <u>Jones</u> v. <u>Commissioner</u>, (1988) TC Memo 1988-373, RIA TC Memo ¶ 88373, 55 CCH TCM 1556, aff'd in part and rev'd in part on other grounds, remanded 903 F.2d 1301 (10th Cir. 1990), 90-1 USTC ¶ 50280, 66 AFTR 2d 5089 wherein imprisonment of taxpayer during tax year did not provide just cause for not filing tax returns because taxpayer did not claim he was denied access to his tax records. In the instant matter,

Mitrano contends that the United States government by and through its Federal Bureau of Prisons is causing Mitrano not to have access to his records to file the subject tax filing. Accordingly, the fact that the United States government has caused Mitrano to be in prison lawfully excuses Mitrano from any requirements to file tax returns. Also see <u>Curry</u> v. <u>Commissioner</u>, 571 F.2d 1306, 1308 (4th Cir. 1978) ("the government should not be permitted to deny a taxpayer that opinion when one of its own employees prevents timely filing.").

Mitrano also relies upon the doctrine of judicial notice (see Rule 201 of the Federal Rules of Evidence). Mitrano contends the facts related to any prior bankruptcies are in dispute. The Notes to said Rule 201 state in part that:

"... As Professor Davis says:

'My opinion is that judge-made law would stop growing if judges, in thinking about questions of law and policy, were forbidden to take into account

the facts they believe, as distinguished from facts which are 'clearly... within the domain of the indisputable.' Facts most needed in thinking about difficult problems of law and policy have a way of being outside the domain of the clearly indisputable...." (Authority omitted.)

Accordingly, Mitrano contends that this Court is unable to take judicial notice of any rulings and/or the facts contained therein related to any prior bankruptcies.

THEREFORE, Peter Paul Mitrano, _pro se_, respectfully requests that this Honorable Court vacate this Court's Order Dismissing Case.

Respectfully submitted,

Peter P. Mitrano

Peter Paul Mitrano
No. 72996-083
Beckley Camp
Federal Correctional Institution
P.O. Box 350
Beaver, West Virginia 25813

Dated: October 12, 2010

# Certificate of Service

I hereby certify that I caused a copy of the foregoing Debtor's Supplemental Memorandum in Support of Motion for Reconsideration of this Court's Order Dismissing Case Entered August 13, 2010 to be deposited in the prison mail box on the 12th day of October 2010, at the Federal Correctional Institution in Beaver, West Virginia, postage prepaid for First-class mail, addressed to Helen M. Morris, Trustee, P.O. Box 8535, South Charleston, West Virginia 25303.

Peter P. Mitrano