```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF WEST VIRGINIA
 2                        AT CHARLESTON

 3   ------------------------------x
                                   :
 4   IN RE:                        :  CASE NO. 2:10-bk-20476
                                   :
 5   PETER PAUL MITRANO,           :  Chapter 13
                                   :
 6                       Debtor.   :  JANUARY 19, 2011
     ------------------------------x
 7

 8                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE RONALD G. PEARSON
 9                 UNITED STATES BANKRUPTCY JUDGE

10   APPEARANCES:

11   FOR THE TRUSTEE:          SUSAN CANNON-RYAN
                               P.O. Box 8535
12                             South Charleston, WV  25303

13   FOR THE UNITED STATES:    GARY L. CALL
                               U.S. Attorney's Office
14                             300 Virginia Street East
                               Charleston, WV  25301
15
     FOR JPMORGAN CHASE BANK,  DANIEL J. MANCINI (by telephone)
16   NATIONAL ASSOCIATION:     Mancini & Associates
                               201 A Fairview Drive
17                             Monaco, PA  15061

18

19   COURT REPORTER:           BARBARA STEINKE, RMR
                               Post Office Box 75025
20                             Charleston, WV  25375
                               (304) 347-3151
21


22   These proceedings were recorded on an audio system and
     transcribed with use of computer-aided transcription.
23

24

25
```

| | |
|---|---|
| 1 | P R O C E E D I N G S    10:55 a.m. |
| 2 | THE COURT: That takes us to the last case this hour, |
| 3 | the Peter Paul Mitrano case. It's scheduled for confirmation. |
| 4 | And we're going to take a brief recess while the clerk -- I |
| 5 | believe Mr. Mitrano is still incarcerated; is that right? And |
| 6 | we want to permit him to appear by phone. |
| 7 | (There was a recess from 10:55 a.m. until 11:17 a.m.) |
| 8 | THE COURT: In the case of Peter Paul Mitrano, I |
| 9 | understand that the debtor is incarcerated, has not been |
| 10 | available to be -- we can't get through to him. Do we have some |
| 11 | information? |
| 12 | THE CLERK: Correct, we cannot get through to him. I'm |
| 13 | on hold. I finally got a receptionist, and he is trying to |
| 14 | locate the inmate out of 2200 inmates, and neither of the case |
| 15 | administrators I've ever talked to are available. |
| 16 | (The Clerk spoke to someone on the phone line, after which |
| 17 | the following occurred:) |
| 18 | THE CLERK: They have spoken to Mr. Carter, the case |
| 19 | manager for Mr. Mitrano, and he says it is not a good day to |
| 20 | speak to Mr. Mitrano. They have asked that I call the case |
| 21 | manager back and leave a message so that an alternative |
| 22 | convenient date can be set. |
| 23 | THE COURT: Okay. Did you hear that? |
| 24 | MR. CALL: Yes. |
| 25 | THE COURT: Did everybody hear that? I don't know why |

1  this was not a good day because I think we did give advance
2  notice to the prison authorities that we needed him to be
3  available. These are serious matters that involve Mitrano. I
4  don't see anyone here for JPMorgan Chase either.
5           THE CLERK: They were supposed to be here on the phone
6  as well. Did you call him back?
7           UNIDENTIFIED SPEAKER: No, I didn't.
8           THE CLERK: Okay. I haven't even attempted to get
9  Mr. Mancini on the phone because I've been dealing the whole
10 time -- shall I get Mr. Mancini on the phone?
11          THE COURT: Okay.
12          MR. MANCINI: Hello.
13          THE CLERK: Mr. Mancini?
14          MR. MANCINI: Hello.
15          THE CLERK: Mr. Mancini?
16          MR. MANCINI: Yes.
17          THE CLERK: This is Lisa with Judge Pearson's office.
18 We are on the record in the Mitrano case.
19          MR. MANCINI: Okay.
20          THE COURT: Mr. Mancini, you represent, I believe,
21 JPMorgan in this case?
22          MR. MANCINI: That's right.
23          THE COURT: And we had calendared in this case the
24 confirmation of an amended plan, objections to that plan that
25 had been filed by you, by the Internal Revenue Service. We also

1   had calendared a final hearing on the motion of JPMorgan Chase
2   for stay relief.
3       I am not sure how it was that you were intending to proceed
4   by phone today.  We -- certainly we made arrangements for
5   Mr. Mitrano to be available by phone, but the correctional
6   officers have failed to have him available.  The courtroom
7   deputy has been trying to get ahold of him now for fifteen or
8   twenty minutes and has not found anybody at the prison who knows
9   anything about his need to be available by phone this morning.
10  I don't know -- I'm unsure what we're going to be able to do.
11      Let me ask.  The trustee has an amended plan from the
12  debtor.
13          MR. MANCINI:  Hello, judge?
14          THE COURT:  I'm sorry, who is this?
15          MR. MANCINI:  This is Dan Mancini (recording inaudible)
16  I'm sorry.
17          THE COURT:  I thought you were already on the phone
18  earlier.
19          MR. MANCINI:  Yeah.  No, no, I wasn't (recording
20  inaudible).
21          THE COURT:  What I explained -- did you hear my
22  explanation about the fact that we have not been able to get
23  ahold of Mr. --
24          MR. MANCINI:  Yes, I did hear it, sir.
25          THE COURT:  Okay.  What's the -- can the U.S. Trustee

1  tell us, is there anything positive happening in this case? I
2  mean, can the Chapter 13 trustee tell us? Are you getting any
3  payments?
4        MS. CANNON-RYAN: We are, Your Honor. We're receiving
5  10 dollars. We have received a total in the case of 60
6  dollars --
7        THE COURT: Okay.
8        MS. CANNON-RYAN: -- in 10 dollar payments for July,
9  September, October, and then December.
10       THE COURT: All right. The plan that was noticed today
11 is I assume not a plan, however, that you can support.
12       MS. CANNON-RYAN: Your Honor, in my opinion, it is not
13 a plan.
14       THE COURT: All right.
15       MS. CANNON-RYAN: The assets available in the case
16 would dictate a 100 percent plan if the debtor had filled out
17 the mandatory liquidation analysis which the debtor chose not to
18 do. That would mean that all of the creditors in the case would
19 be paid 100 cents on the dollar. This plan as proposed is 10
20 dollars for an undeterminate number of months, so we don't even
21 know how long that would last. The plan does not propose to pay
22 any creditor. There's no provision in there for payment of
23 priority creditors, for payment of secured creditors, or payment
24 of unsecured creditors. Without those essential elements, it
25 is, in the trustee's opinion, not a plan, and a piece of paper

1   advanced to hinder and delay the proceedings before this court.
2           THE COURT: Okay. I don't know -- Mr. Mancini, what
3   had you intended to try to do today?
4           MR. MANCINI: Well, Your Honor, the proposed plan
5   didn't mention my bank at all, and, of course, that was the
6   basis for our objection. We weren't even mentioned as a secured
7   creditor. And obviously the other issue, of course, was even
8   the postpetition payments, nothing had been made since June, as
9   well as, of course, the prepetition years.
10     So if I may, I believe there's also an adversary case that
11  was filed. I'm not representing JPMorgan Chase, Jared Tully is,
12  but apparently this debtor had filed an adversary case also
13  regarding my -- my mortgage, deed of trust.
14          THE COURT: And I believe -- and is that pending here?
15          MR. MANCINI: Yes, sir, that's correct.
16          THE COURT: Okay. And you say you are not counsel
17  for --
18          MR. MANCINI: No, Jared Tully, he filed an answer.
19  This probably just happened, like probably a few weeks back.
20          THE COURT: Okay. Okay. So what is it that you had
21  intended to try to do today? Just find out what the debtor's
22  plan in terms of paying your client was?
23          MR. MANCINI: Well, yeah. I mean, obviously we have no
24  problems if he had acknowledged that my client does have a
25  secured interest and he acknowledged the amounts of the client's

1 proof of claim has, obviously we wouldn't have objected, at
2 least from our point of view, to the proposed plan, and
3 obviously the motion for relief, with no payments on the post,
4 and, again, if there was something that was concrete that I'm
5 sure my client would find acceptable, it wouldn't be a problem
6 at all on my end.
7     THE COURT: Well, the only thing I know to do is
8 renotice. I'm not pleased that the penitentiary personnel did
9 not take seriously the request that we had made. We were trying
10 to not inconvenience the prison personnel or the Marshal Service
11 by bringing Mr. Mitrano to a hearing, but maybe that's what we
12 have to do. If we can't get them to make him available by
13 phone, then I think maybe we may have to order that they
14 transport him here so that we find out what his plans are.
15     I have no idea even what his term of sentence is. I don't
16 know, you know -- I do recall him saying at a previous telephone
17 conference that he had some opportunity to perhaps be released.
18 I believe he is an attorney, and I believe he asserted at a
19 previous conference that he had some opportunity to be released
20 in the not too distant future.
21     What we'll do is contact the prison authorities and find out
22 why he was not available today, and we'll give notice to all
23 parties of a continued hearing on these -- these motions.
24     I would also suggest that if the Chapter 13 trustee is of
25 the view that the case is not being advanced, the plan is not

1   being advanced in good faith, and if you wish to be heard as --
2   on a motion to dismiss the case, that perhaps that would be
3   something that ought to be served on Mr. Mitrano since he isn't
4   here this morning to hear it and to offer any response or
5   defense.
6       So I think that's all we can do.  We'll have a transcript
7   made of this hearing and filed and served on Mr. Mitrano, and
8   we'll enter an order that schedules a continued -- continued
9   hearing on JPMorgan's objection to the plan and the United
10  States objection.
11      Mr. Call, is there anything you want to say for the record
12  about the nature of your objection?  Do you have a big
13  postpetition claim in the case?
14          MR. CALL:  Actually, Your Honor, I filed two
15  objections; one for the Internal Revenue Service based on
16  Mr. Mitrano's failure to provide for our claim and to file a
17  2009 federal income tax return.  I also filed an objection on
18  behalf of the United States based on Mr. Mitrano's criminal
19  conviction.  He is in prison for failure to pay child support.
20  He owes 517,000 dollars in child support, which -- and I
21  understand that conviction, he was convicted by a jury, and it's
22  my understanding that that conviction is on appeal to the First
23  Circuit.  He was convicted in New Hampshire, though apparently
24  from the docket sheet, all Mr. Mitrano has done so far in that
25  case is filed motions for release pending appeal and motions for

1  extension of the time to file his brief and appendix. There has
2  never been a decision or anything like that.
3     I also note that Mr. Mitrano recently filed -- I guess today
4  filed an objection to the IRS proof of claim which would be
5  another matter.
6     I agree with the trustee. It appears to us that he is just
7  basically gaming the system. He is a disbarred attorney, and so
8  obviously has knowledge of what it takes to -- to prolong that.
9     So, other than that, I really have no further comment.
10    We had discussed the possibility of moving this to Beckley
11 if he is required to appear and I would certainly be agreeable
12 to that.
13       THE COURT: Well, that's helpful because that might
14 shorten the -- and if -- but, you know, one of the problems I
15 have is no -- well, I just don't feel -- I don't feel
16 comfortable doing anything, other than letting people say why
17 they are interested in the case and making -- and let that
18 record then, we'll make sure that record is submitted to
19 Mr. Mitrano so that he will understand the concern that the
20 United States has, that the IRS has, that the Chapter 13 trustee
21 has, that counsel for Chase has.
22    If he has a child support order of that magnitude, at one
23 time it appears he must have had some substantial income. I
24 don't know how a lawyer continues that without a law license,
25 but, you know, that's certainly an unusual case.

1    We'll stand in recess.  Thank you.

2    (At 11:30 a.m. the hearing was concluded.)

3                      --oOo--

4              REPORTER'S CERTIFICATE

5    I, Barbara Steinke, Registered Merit Reporter, do hereby
certify that the foregoing proceedings were reduced to writing
6    by me at the time and place therein mentioned, and said
proceedings are a true and accurate transcript from my notes.  I
7    further certify that I am neither related to any of the parties
by blood or marriage, nor do I have any interest in the outcome
8    of the above matter.

9

10   January 24, 2011                s/Barbara Steinke